```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                FORT MYERS DIVISION
```

TAYLOR RENEE WHISENANT, a
Putative Personal
Representative of The
Estate of Justin Emil
Mason, Deceased,

      Plaintiff,

v.                                 Case No:   2:20-cv-370-JES-NPM

WAYNE MICHAEL NELSON,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on the defendant's Motion for Summary Judgment (Doc. #22) filed on June 11, 2021. Plaintiff filed a Response in Opposition to Motion (Doc. #26) on July 12, 2021. Defendant also filed a Reply (Doc. #27), and plaintiff filed a Sur-Reply in Opposition (Doc. #32) by leave of Court and with exhibits under a Notice of Filing (Doc. #34).

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us,

Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (quoting Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983) (finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant

summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

## II.

The following are admitted and undisputed facts: Plaintiff filed this Florida wrongful death lawsuit against Nelson alleging that on April 11, 2019, Nelson's vehicle collided with a motorcycle operated by Justin Emil Mason in Charlotte County, Florida, causing Mason's death. Plaintiff alleges that Nelson carelessly and negligently operated or maintained the vehicle that cause the collision. Plaintiff alleges that Mason's estate is entitled to medical and funeral bills, loss of net accumulations, loss of consortium for Mason's mother and minor child. Nelson filed an Answer and Affirmative Defenses (Doc. #5). (Doc. #22, ¶¶ 1-6; Doc. #26, ¶¶ 1-6.) The remaining facts are disputed.

Defendant alleges that it is "undisputed" that Mason was performing a "wheelie" through the intersection of U.S. 41 North and Hancock. Plaintiff disputes that Mason was doing a wheelie with a contradictory Affidavit. (Id., ¶ 7, respectively.) Defendant alleges that it is "undisputed" that Nelson made a proper turn when the road was clear, plaintiff disputes this fact with the deposition testimony of Corporal Reed, the lead Traffic Homicide Detective. (Id., ¶ 8, respectively.) Defendant alleges that it is "undisputed" that Mason should have avoided the collision and that there is no evidence of negligence on Nelson's

3

part. Plaintiff disputes these facts through the deposition of Corporal Reed. (Id., ¶¶ 9-10, respectively.)

Clearly, the material facts as to the wrongdoer in the fatal crash are genuinely disputed by plaintiff, however defendant objects to the admissibility of Reed's testimony. "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(1)(B). The Court will consider whether Corporal Reed's testimony may be considered in opposition to summary judgment.

### III.

In his reply, defendant argues that plaintiff's exhibits are not proper summary judgment evidence because Corporal Reed's opinions and the police report are inadmissible evidence. Defendant argues that Reed was not disclosed as an expert witness and Reed cannot give lay opinion testimony as it would violate Florida's accident report privilege. Further, defendant argues that Reed's opinions lack foundation.[1]

---

[1] Defendant also briefly argues that Jennifer Chase's affidavit that Mason was not doing a wheelie right before the crash has no probative value because it lacks details on how she identified Mason as the person on the motorcycle or where she was on U.S. 41. These are clearly credibility issues for the jury and not for summary judgment. (Doc. #27, pp. 2-3.)

4

**1. Timeliness**

The Case Management and Scheduling Order (Doc. #14) set a deadline of July 20, 2020, for Rule 26(a)(1) initial disclosures, and a deadline for plaintiff of March 16, 2021, for disclosure of expert reports. Plaintiff sought an extension of the discovery and disclosure of expert reports deadlines. (Doc. #16.) In denying the motion, the Magistrate Judge made several relevant observations:

> Meanwhile, Whisenant's expert report deadline expired on March 16, 2021, without any disclosure being served. (Doc. 18, pp. 4, 9). Although Nelson was not served with any plaintiff expert report, he timely served his expert disclosures of both an accident reconstructionist and human factors expert on April 5, 2021. (Doc. 18, pp. 3-4). Whisenant's deadline for any rebuttal expired on April 19, 2021, again, without any disclosure being served. (Doc. 18, p. 4).
>
> . . . .
>
> Furthermore, not only does Whisenant claim that she was somehow unable to timely disclose an expert (Doc. 18, p. 6), she apparently has not yet even retained an expert (Doc. 16, pp. 1, 3-4). But neither Covid-19 nor the absence of any deposition testimony prevented Nelson from retaining his experts one year before their reports were due (Doc. 18, p. 4), and timely serving their reports on April 5, 2021. (Doc. 18, pp. 3-4). And even if Whisenant had cogently explained why she could not retain and disclose an expert without first taking the deposition of Nelson, which she has not, with no good cause to extend the time to depose Nelson, there is no good cause to extend Whisenant's expert-disclosure deadline.

5

(Doc. #21, pp. 3, 6.) The Magistrate Judge also noted that plaintiff must show "excusable neglect" for not seeking an extension of the expert report deadline before its expiration, but "[s]ince she neither acknowledges nor makes any attempt to make this showing, she has failed to do so." (Id., p. 5 n.1.)

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court may extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

> Excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) (internal quotation marks and footnotes omitted). The decision whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395 (determining meaning of term "excusable neglect" in context of bankruptcy rule). The Court should consider "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1325 (11th Cir.1996) (alteration in original) (quoting Pioneer Inv. Servs. Co.) (applying Pioneer analysis in context of Rule 4(a)(5), Federal Rules of Appellate Procedure). "Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the

6

        interest of efficient judicial administration."

Roberson v. Church, No. 3:09-CV-372-J-34MCR, 2009 WL 5067800, at *1 (M.D. Fla. Dec. 16, 2009).

    Reed was deposed on September 21, 2020.  (Doc. #26-1.) Plaintiff identified Reed in initial disclosures on or about October 2, 2020[2], as a potential witness as an assigned traffic homicide investigator with the Florida Highway Patrol. (Doc. #34-1.)  Plaintiff also identified Reed as a hybrid expert as to the facts and findings of the accident and causation on or about June 4, 2021, as a supplemental disclosure.  (Doc. #34-2.)  Both disclosures were made outside the deadlines but were made without any objection to the late disclosure.  Defendant also had the opportunity to depose Reed, examine the crash report and its exhibits, and to consider what testimony would be given. Considering that the parties were aware of the expert nature of the testimony, the Court cannot find prejudice.  The Court finds excusable neglect in the failure to label Reed as an expert in a timely fashion.

---

    [2] This is the date of the Certificate of Service, however plaintiff states that the initial disclosure "prompted Nelson to conduct" the deposition of Reed.  (Doc. #32, p. 3.)

**2. Expert or Lay Opinion**

Inadmissible hearsay may be considered by a court when ruling on a summary judgment motion, but it cannot be used "to defeat summary judgment when that hearsay will not be reducible to admissible form at trial." Pritchard v. S. Co. Servs., 92 F.3d 1130, 1135 (11th Cir.), amended on reh'g in part, 102 F.3d 1118 (11th Cir. 1996). See also Macuba v. Deboer, 193 F.3d 1316, 1323 (11th Cir. 1999) ("Some courts, including our own, appear to have restated the general rule to hold that a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be 'reduced to admissible evidence at trial' or 'reduced to admissible form.'"). Interpreting the statement in Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986),

> We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Obviously, Rule 56 does not require the nonmoving party to depose her own witnesses. Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred.
>
> 477 U.S. at 324, 106 S. Ct. at 2553. We read this statement as simply allowing *otherwise admissible* evidence to be submitted in *inadmissible form* at the summary judgment

8

> stage, though at trial it must be submitted in admissible form.

McMillian v. Johnson, 88 F.3d 1573, 1584 (11th Cir. 1996), aff'd sub nom. McMillian v. Monroe Cty., Ala., 520 U.S. 781, 117 S. Ct. 1734, 138 L. Ed. 2d 1 (1997).

"Florida courts have admitted expert opinions of accident reconstruction experts to evaluate factors in traffic accidents." Carratelli v. State, 832 So. 2d 850, 861 (Fla. 4th DCA 2002). Plaintiff refers to Reed as a hybrid witness. (Doc. #32, p. 2.)

A qualified expert may provide an opinion if:

> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> **(b)** the testimony is based on sufficient facts or data;
>
> **(c)** the testimony is the product of reliable principles and methods; and
>
> **(d)** the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The expert may base an opinion "on facts or data in the case that the expert has been made aware of or personally observed. . . . But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703. "Although an expert witness is entitled to

9

render an opinion premised on inadmissible evidence when the facts and data are the type reasonably relied on by experts on the subject, the witness may not serve merely as a conduit for the presentation of inadmissible evidence." Maklakiewicz v. Berton, 652 So. 2d 1208, 1209 (Fla. 3d DCA 1995).  A witness who is not testifying as an expert, or as a layman, is limited to an opinion that is:

> **(a)** rationally based on the witness's perception;
>
> **(b)** helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> **(c)** not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.  If a written report is not required, the disclosure must state "**(i)** the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and **(ii)** a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C).  This was done by third supplemental disclosure dated June 4, 2021.  (Doc. #34-2.)

During Reed's deposition, counsel asked about his background and training.  After the Florida Highway Patrol Training Academy, there was specialty training in traffic homicide investigation involving field work and then a program for a corporal to "make sure we know what the policies are and what the requirements are

to do a thorough traffic homicide investigation." (Doc. #26-1, 8:15-23; 9:12-23.) Reed also did advanced training in crash reconstruction, pedestrian motorcycle investigations, and commercial motor vehicle investigations. (Id., 10:3-5.) Reed also studied forensic mapping utilizing the Leica robotic total station. (Id., 13:1-7.)

Reed was assigned to complete the investigation after the fact, "so the scene was clear when I got there." (Id., 15:7-9.) Trooper Adams and Sergeant Rongish were on the scene. (Id., 85:9-11.) The crash occurred on April 11, 2019, and Reed was asked to investigate the crash on August 15, 2019. (Id., 17:23-25; 21:18-20.) Trooper Adams concluded that the motorcyclist was doing a wheelie down the street before the crash, but Reed reached a different conclusion. (Id., 118:14-21.) Opposing counsel had the opportunity to cross-examine Reed. (Id., 169.)

It is readily apparent that Reed would testify as an expert witness as his crash report and opinion are based on his training and specialized experience and not his personal perceptions as a layman. Therefore, Reed's testimony may be considered on summary judgment unless the privilege applies.

### 3. Florida Privilege

Under Florida law, "each crash report made by a person involved in a crash and any statement made by such person to a law enforcement officer for the purpose of completing a crash report

11

required by this section shall be without prejudice to the individual so reporting. Such report or statement may not be used as evidence in any trial, civil or criminal." Fla. Stat. § 316.066(4).

"[T]he current version of section 316.066(4) does not create a true privilege precluding the disclosure of statements of individuals involved in an accident for the purpose of completing a crash report. Instead, it is a law of admissibility that precludes the use of these statements at trial." Anderson v. Mitchell, 300 So. 3d 693, 697 (Fla. 2d DCA 2019).

The Court finds that the privilege does not exclude consideration of Reed's testimony because he did not pen the onsite crash report or take statements at the scene of the crash. Reed's expert report will be considered in the context of summary judgment.

### 4. Foundation

Defendant argues that Reed failed to speak to a "critical witness", Deborah Triantafel. "Based upon Reed's own testimony coupled with the unrebutted testimony of Triantafel, Reed's opinions have no value as his opinions lack any foundation for the conclusions he made." (Doc. #27, p. 7.) This is clearly a credibility issue that may be raised at trial but does not prevent consideration of Reed's testimony for summary judgment purposes.

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Summary Judgment (Doc. #22) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of August 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record